**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 18-35887 |
| Plaintiff-Appellee, | D.C. No. 6:11-cv-06248-AA |
| v. | |
| ANDREW G. CLARK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted on August 19, 2019[**]

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Andrew G. Clark appeals pro se from the district court's order denying his motion to vacate the district court's judgment in Wells Fargo Bank, N.A.'s action alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and state law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of discretion. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1166 (9th Cir. 2017). We affirm.

The district court did not abuse its discretion by denying Clark's motion to vacate judgment, which Clark brought nearly six years after the judgment was entered, because Clark failed to present any facts that were unknown to him at the time of the entry of judgment. *See Sierra Pac. Indus., Inc.*, 862 F.3d at 1167-1168 (explaining that although a motion for relief for fraud on the court is not subject to a one-year time limit under Fed. R. Civ. P. 60(d)(3), "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment"). To the extent Clark's motion sought disqualification of the district judge, there was no error in denying the motion because it is untimely. *See United States v. Rogers*, 119 F.3d 1377, 1382 (9th Cir. 1997) (failure to file a disqualification motion until more than one and one-half years after party became aware of the grounds for disqualification rendered his motion untimely).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**